NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| STANLEY J. KOWALEWSKI, | : | CIV. NO. 23-20320 (RMB) |
| | : | |
| Petitioner | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

BUMB, Chief United States District Judge

This matter comes before the Court on the motion for reconsideration filed by Petitioner Stanley J. Kowalewski ("Petitioner"), seeking to vacate the Court's prior Order scheduling an evidentiary hearing on Ground One of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. ("Mot. for Reconsideration", Dkt. No. 21; Supplement, Dkt. No. 26); and Respondent's Reply Letter, Dkt. No. 25. For the reasons set forth below, the motion will be denied and the scheduled evidentiary hearing will go forward.

I.  BACKGROUND

Petitioner alleges that the Bureau of Prisons ("BOP") unlawfully disallowed 637 days of earned time credits under the First Step Act ("FSA") based on a purported refusal to participate in the Financial Responsibility Program ("FRP"). (Reply to Petition, Dkt. No. 9 at 2.) In its August 27, 2024 Opinion, the Court held

1

that it could not resolve, on the record before it, whether the BOP had abused its discretion in denying the 637 days for alleged FRP refusal and ordered an evidentiary hearing on that issue. (Opinion., Dkt. No. 19 at 11.) Petitioner subsequently filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), asserting that the BOP had, after the Court issued its decision, corrected the record and credited the 637 days, thereby mooting the need for a hearing. (Mot. for Reconsideration, Dkt. No. 21 at 2.) Petitioner later supplemented the motion, alleging that the BOP had reversed its correction and again disallowed the 637 days in a subsequent time credit assessment. (Suppl., Dkt. No. 26 at 2.) Respondent notified the Court that it intends to call a witness from the BOP to testify regarding the administration of FRP opt-out determinations and Petitioner's case management records. (Letter, Dkt. No. 25.)

## II.    LEGAL STANDARD

A motion for reconsideration under Rule 59(e) may be granted only where the moving party shows: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate to relitigate issues already decided or to present evidence that was available but not previously submitted. *Id.*

## III.    DISCUSSION

The core question remains whether Petitioner was properly placed in FRP refusal status from March 2019 to December 2020. The conflicting BOP reports do

not definitively resolve the factual dispute but instead highlight the lack of clarity surrounding the basis for the disallowance. The Court continues to find that a hearing is necessary to determine: (1) whether Petitioner in fact refused FRP participation during the relevant period; (2) whether the BOP's reclassification of those days was based on a reasonable and documented determination; and (3) whether any procedural irregularities or policy misapplications occurred that would render the disallowance an abuse of discretion.

Petitioner's contention that the BOP acted improperly or retaliatorily in reversing its prior correction is serious, but such assertions require evidentiary support and credibility determinations that are not appropriate for resolution on written submissions alone. The Court has provided both parties the opportunity to present witnesses and documentary evidence in a structured and transparent setting.

Accordingly, Petitioner has not demonstrated a clear error of law, manifest injustice, or newly discovered evidence that would warrant vacating the scheduled evidentiary hearing.

### IV.    CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration (Dkt. No. 21), as supplemented (Dkt. No. 26), is **DENIED**. The evidentiary hearing shall proceed as scheduled on May 27, 2025, via videoconference.

An appropriate order follows.

**DATE:  April 14, 2025**

                                      <u>s/Renée Marie Bumb</u>
                                      RENÉE MARIE BUMB
                                      Chief United States District Judge